**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 11-cv-02352-CMA-BNB

GERARDO LOPEZ,

      Plaintiff,

v.

AURORA POLICE OFFICER MICHAEL PRINCE,
   in his individual capacity, and
FEDERAL BUREAU OF INVESTIGATION AGENT ELIZABETH BOGGESS,
   In her individual capacity,

      Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

---

      This matter is before the Court on the Motions to Dismiss filed by Defendants

Agent Elizabeth Boggess (Doc. # 32) and Officer Michael Prince (Doc. # 36), in which

they seek to have the Court dismiss Plaintiff's Amended Complaint (Doc. # 31) for

failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

Plaintiff alleges false arrest, false imprisonment, and malicious prosecution pursuant to

42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*,

403 U.S. 388 (1971), against Defendants in their individual capacities.  (Doc. # 31 at 1.)

The motions are ripe.[1]  For the following reasons, the Court grants both motions.

---

[1]     Plaintiff responded to both motions on February 1, 2012.  (Doc. # 43.)  Agent Boggess
replied on February 6, 2012 (Doc. # 44), and Officer Prince replied on February 21, 2012 (Doc.
# 45).

# I.  <u>BACKGROUND</u>

 Plaintiff Gerardo Lopez alleges that Defendants violated his rights under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.  Specifically, he asserts that Defendants knowingly and intentionally disseminated false and misleading testimony and evidence against him during a criminal investigation and at a grand jury proceeding.  (Doc. # 31 at 1, 5-6.)

These claims arose following an investigation of Plaintiff by an intergovernmental drug task force.  Officer Prince, who works for the Aurora Police Department, was assigned to the task force and deputized as a temporary FBI Agent.  (*Id.* at 3.)  FBI Agent Boggess was also assigned to the task force.  (*Id.* at 4.)  Plaintiff alleges that Officer Prince completed and signed affidavits in support of wiretap applications that contained "false and misleading" information.  (*Id.*)  Plaintiff further alleges that Officer Prince failed to disclose the results of a parallel out-of-state criminal investigation "which had failed to uncover inculpatory evidence against Plaintiff."  (*Id.* at 4.)  Plaintiff alleges that Agent Boggess presented "fraudulently induced and manufactured evidence" to the Grand Jury that was convened in January 2009, "which caused Lopez to be arrested and detained for a period of two years . . . without . . . probable cause."  (*Id.* at 4-5.)

The Grand Jury indicted Plaintiff on drug trafficking charges on January 29, 2009, and a warrant was issued for his arrest later that day.  (Doc. ## 32-1[2]; 32-2.[3])  Plaintiff

---

[2]     Plaintiff's Grand Jury Indictment.

[3]     Plaintiff's arrest warrant.

was arrested and had his initial appearance on February 24, 2009.  (Docs. ## 32 at 4;

32-2 at 1.)  Magistrate Judge Watanabe held a detention hearing on March 4, 2009; he

found that probable cause existed as to whether Plaintiff had committed the charged

offenses and ordered him detained without bond.  (Doc. # 32-3[4] at 3.)  Plaintiff spent

two years in pretrial detention.  (Doc. # 31 at 5.)  Plaintiff alleges that Defendants

"instituted or continued" a criminal prosecution against him, and that they did so with

malice and without probable cause.  (*Id.* at 6.)  However, Plaintiff alleges that the

"evidence of [D]efendants' misconduct did not become available to [his] counsel until

September of 2009 or thereafter."  (*Id.* at 4-5.)

Plaintiff filed a motion to dismiss the Indictment on December 21, 2010.  (*See*

Doc. # 32 at 4.)  Judge Brimmer, to whom the case had been assigned, denied the

motion in part but took the remainder of it under advisement.  (*Id.*)  Meanwhile, the

Government filed its own motion to dismiss the Indictment on February 17, 2011,

"in the interests of justice."  (Doc. # 32-5[5] at 2.)  Judge Brimmer granted the Govern-

ment's motion and dismissed the Indictment the next day.[6]  (Doc. # 32-6 at 1-2.[7])

---

4       Plaintiff's order of detention.

5       Government's motion to dismiss the Indictment against Lopez and his alleged co-defendants.

6       This type of disposition is known as a *nolle prosequi* and will be discussed in greater depth, *infra*.

7       Order of dismissal.

Plaintiff filed his initial Complaint (Doc. # 1) in this Court on September 7, 2011, and filed his Amended Complaint (Doc. # 31) on December 20, 2011.  In their motions to dismiss, Defendants argue that: (1) the false arrest/imprisonment claim is barred by the applicable statute of limitations; (2) the malicious prosecution claim is not plausible because the criminal case against Plaintiff did not terminate in his favor and probable cause supported his Indictment and arrest; and (3) they are entitled to qualified immunity.  (Doc. ## 32 at 2-3; 36 at 1.)  Additionally, Agent Boggess filed a notice of supplemental authority on April 18, 2012, in which she argues that, in light of new Supreme Court precedent, she is entitled to absolute immunity as a grand jury witness. (Doc. # 46 at 2.)

## II. <u>STANDARD OF REVIEW</u>

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While detailed factual allegations are not required, the rule requires sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 556.

The Federal Rules of Civil Procedure provide that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The court's function on a Rule 12(b)(6) motion is not to weigh

4

potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citation and quotation marks omitted).   In evaluating a 12(b)(6) motion, a court may begin by identifying allegations that, because they are mere conclusions, are not "entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.   When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").   Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks and alteration omitted).   "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).   Finally, "it is not . . . proper to assume that the plaintiff can prove facts that [he] has not alleged . . . ." *Twombly*, 550 U.S. at 563 n.8 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983)).

## III.  DISCUSSION

In addressing Plaintiff's claims, the Court begins with Agent Boggess's assertion that she is entitled to absolute immunity, because agreeing with her assertion would preclude the need to further consider Plaintiff's claims as to her.   Finding that Agent

Boggess is, indeed, entitled to such immunity, the Court then considers Plaintiff's claims against Officer Prince.

## A.    AGENT BOGGESS'S ABSOLUTE IMMUNITY

The Supreme Court's recent ruling in *Rehberg v. Paulk*, 132 S. Ct. 1497 (2012), published after the motions in this case became ripe, affirmed the Eleventh Circuit's decision that Paulk, an investigator for a district attorney's office, was entitled to absolute immunity in a § 1983 case stemming from his allegedly false testimony before a grand jury.  The Supreme Court held that:

> grand jury witnesses should enjoy the same immunity as witnesses at trial. This means that a grand jury witness has absolute immunity from any § 1983 claim based on the witness's testimony.  In addition . . . this rule may not be circumvented by . . . using evidence of the witness' testimony to support any other § 1983 claim concerning the initiation or maintenance of a prosecution.

*Id.* at 1506.

*Rehberg* alters the "complaining witness" rule previously maintained in the Tenth Circuit, see *Anthony v. Baker*, 955 F.2d 1395, 1399 n.2 (10th Cir. 1992), by explicitly holding that a witness in a grand jury proceeding is entitled to the same immunity in an action under 42 U.S.C. § 1983 as a witness who testifies at trial.  132 S. Ct. at 1506. Additionally, the *Rehberg* Court held that there is no "reason to distinguish law enforcement witnesses from lay witnesses."  *Id.* at 1505.  "A police officer on the

witness stand performs the same functions as any other witness."  *Id.* (quoting *Briscoe v. LaHue*, 460 U.S. 325, 342 (1983)).  The *Rehberg* holding applies in this case.[8]

Here, Plaintiff alleges that (1) Agent Boggess presented "fraudulently induced and manufactured evidence [to the Grand Jury], which caused Lopez to be arrested and detained for a period of two years," and (2) she instituted or continued a criminal prosecution against him, with malice and without probable cause.  (Doc. # 31 at 6.) These allegations against Agent Boggess hinge on her testimony to the Grand Jury, because it was this testimony that allegedly led to Plaintiff's indictment, arrest, and detention.  However, pursuant to the Supreme Court's decision in *Rehberg*, Agent Boggess is entitled to absolute immunity for her Grand Jury testimony.  Moreover, Plaintiff cannot use her testimony to support any other § 1983 claim concerning the initiation or maintenance of a prosecution.  *See Rehberg*, 132 S. Ct. at 1506.  Thus, Plaintiff's Amended Complaint against Agent Boggess fails to state a claim upon which relief can be granted and, therefore, granting her motion to dismiss is warranted.

---

8      Courts apply binding judicial decisions retroactively to cases not yet decided.  *See, e.g.*, *James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 548 (1991) (Blackmun, J., concurring in judgment) ("[W]e fulfill our judicial responsibility by requiring retroactive application of each new rule we announce.").  *See also Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993) ("Our approach to retroactivity heeds the admonition that the Court has no more constitutional authority in civil cases than in criminal cases to disregard current law or to treat similarly situated litigants differently." (internal quotation marks and citation omitted)); *Landgraf v. USI Film Prods.*, 511 U.S. 244, 279 n.32 (1994) (citing *Harper* for a "firm rule of retroactivity"). "When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule."  *Harper*, 509 U.S. at 97.

B.      **CLAIMS AGAINST OFFICER PRINCE**

Section 1983, under which Plaintiff brings his claims, creates a cause of action

for "the deprivation, under color of state law, of a citizen's rights, privileges, or

immunities secured by the Constitution and laws of the United States."  *Ledford v.*

*Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (quotation marks and citation omitted).

Under Tenth Circuit law, § 1983 suits are analogous to, but distinct from, tort claims

because they "ultimately rest on the Constitution, not on state (or federal) common law."

*Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) (citing *Pierce v.*

*Gilchrest*, 359 F.3d 1279, 1285-88 (10th Cir. 2004)).  Here, Plaintiff asserts that he was

falsely arrested/imprisoned and maliciously prosecuted in violation of his Constitutional

rights.

A plaintiff imprisoned **without** legal process has a claim under the Fourth

Amendment similar to a tort claim for false arrest or false imprisonment.  *Id.* (emphasis

added).  *See also Wallace v. Kato*, 549 U.S 384, 389 (2007) ("Reflective of the fact that

false imprisonment consists of detention without legal process, a false imprisonment

ends once the victim becomes held *pursuant to such process* – when, for example, he

is bound over by a magistrate or arraigned on charges." (citation omitted)).  "An arrest

warrant and the probable cause determination by a judicial officer after a warrantless

arrest are essentially the same legal process, except that one occurs prior to arrest and

the other occurs after."  *Young v. Davis*, 554 F.3d 1254, 1257 (10th Cir. 2009) (citing

*Gerstein v. Pugh*, 420 U.S. 103, 125 (1975)).  At common law, the "issuance of an

8

arrest warrant represents a classic example of the institution of legal process." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th. Cir. 2008) (citing <u>Restatement 2d of Torts</u> § 654 cmt. c (1977)).

Conversely, if a plaintiff was "imprisoned pursuant to **legal but wrongful process**, he has a claim under the procedural component of the Fourteenth Amendment's Due Process Clause analogous to a tort claim for malicious prosecution." *Mondragon*, 519 F.3d at 1082 (emphasis added). *See also Wallace*, 549 U.S at 390 (After institution of legal process, "unlawful detention forms part of the damages for the . . . tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." (emphasis in original)). The Tenth Circuit has noted that:

> [d]epending on the circumstances of the arrest, a plaintiff can challenge the institution of legal process as wrongful in one of two ways. If arrested without a warrant - and thus triggering 'the Fourth Amendment require[ment of] a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest,' *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975) - a plaintiff can challenge the probable cause determination made during the constitutionally-required probable cause hearing . . . . Or, **if arrested pursuant to a warrant, plaintiff can challenge the probable cause determination supporting the warrant's issuance**. *See, e.g.*, *Meacham*, 82 F.3d at 1562 (analyzing the Fourth Amendment malicious prosecution claim "that the affidavit prepared . . . in support of the arrest warrant contained deliberately false statements and omissions, thereby misleading the judge into issuing the arrest warrant"). Either way, **the allegation would state a Fourth Amendment violation sufficient to support a § 1983 malicious prosecution cause of action**.

*Wilkins*, 528 F.3d at 798-99 (emphasis added).

In *Wilkins*, the plaintiffs were detained pursuant to arrest warrants.  The Tenth

Circuit stated that the "[p]laintiffs' detention was thus preceded by the institution of legal

process, triggering the malicious prosecution cause of action."  *Id.* at 799 (citing Michael

Avery et al., *Police Misconduct: Law and Litigation* § 2:10 (2007 Westlaw; POLICEMISC

database).[9]

### 1.   False Arrest/Imprisonment

Like the plaintiffs in *Wilkins*, in the present case Plaintiff was indicted and

subsequently arrested pursuant to a warrant.  Because Plaintiff's arrest and later

detention were pursuant to legal process, Plaintiff fails to state a claim for false

arrest/imprisonment.[10]

---

[9]     The Supreme Court's analysis in *Wallace* indicates that claims such as Plaintiff's here "should not be characterized as false arrest or false imprisonment, because detention of the subject is pursuant to legal process."  Avery, *supra* § 2:10.

[10]     In any event, even if Plaintiff somehow had a false arrest/imprisonment claim, the statute of limitations would bar him from going forward with it.  In the Tenth Circuit, a "*Bivens* action is subject to the limitation period for an action under 42 U.S.C. § 1983, and that limitation period is set by the personal injury statute in the state where the cause of action accrues."  *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007); *accord Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994).  Here, the cause of action arose in Colorado, where the law provides a two-year statute of limitations for personal injury actions.  *See* Colo. Rev. Stat § 13-80-102; *Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (applying § 13-80-102 to § 1983 claim).  Thus, Colorado's two-year statute of limitations would apply to a false arrest/imprisonment claim.

However, federal law controls the accrual date in a federal civil rights lawsuit.  *See Industrial Constructors*, 15 F.3d at 968.  As opposed to many other civil rights claims, a § 1983 false arrest claim accrues on a date certain – *i.e.*, the date legal process is initiated.  *See Young*, 554 F.3d at 1257; *see also Wilkins,* 528 F.3d at 799 ("At common law, the issuance of an arrest warrant represents a classic example of the institution of legal process.").  Thus, Plaintiff's false arrest/imprisonment claim, if he were to have one, accrued the day a warrant was issued for his arrest or, at the absolute latest, on March 4, 2009, when Magistrate Judge Watanabe held the detention hearing and found probable cause existed for Plaintiff having committed the charged offenses.  Given the applicable two year statute of limitations, Plaintiff's September 7, 2011 Complaint was untimely.

2.    Malicious Prosecution

Plaintiff further alleges that his Fourth Amendment right to be free from unreasonable seizures was violated because he was maliciously prosecuted. Specifically, he challenges the legal process that led to his imprisonment by claiming that Officer Prince knowingly supplied false information in affidavits which led to Plaintiffs arrest and hid information from the Grand Jury and the court to which such affidavits were presented.

In order to establish a claim for malicious prosecution under the Fourth Amendment, a plaintiff must prove that: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages. *Id.* (citations omitted).  Officer Prince argues that Plaintiff has not alleged facts sufficient to support the elements of favorable termination or probable cause. (Doc. # 36 at 1.)

At the outset, the Court notes that Plaintiff's reliance on a malicious prosecution claim against Officer Prince is somewhat misplaced.  In her concurrence in *Albright v. Oliver*, 510 U.S. 266, 279 n.5 (1994) (Ginsburg, J., concurring), Justice Ginsburg explained that a malicious prosecution claim against a police officer is an anomaly. She reasoned, and the Court agrees, that the principal player in carrying out a prosecution is not the police officer but, rather, the prosecutor.  *See id.*  Accordingly,

11

the anomaly lies in the reality that, under a malicious prosecution claim against an officer, "the star player is exonerated, but the supporting actor is not." *Id.*; *see also Washington v. Summerville*, 127 F.3d 552, 559 (7th Cir. 1997). Nonetheless, despite the anomalous nature of Plaintiff's malicious prosecution claim, the Court examines his claim, beginning with the element of favorable termination.

In evaluating the element of favorable termination in a malicious prosecution claim, the dispositive question is whether the resolution, dismissal, or abandonment of the criminal proceedings "implies a lack of reasonable grounds for the prosecution." *Murphy v. Lynn*, 118 F.3d 938, 948 (2d Cir. 1997) (internal quotations, brackets, and citations omitted). "[P]laintiff has the burden of proving a favorable termination." *Washington*, 127 F.3d at 557 (citation omitted).

As stated, *supra*, the Government disposed of the underlying criminal charges against Plaintiff via a *nolle prosequi*. A *nolle prosequi* (or *prosse)* represents a "legal notice that a . . . prosecution has been abandoned." Black's Law Dictionary 1074 (8th ed. 2004); *see also Washington*, 127 F.3d at 557 ("A *nolle prosequi* is not a final disposition of a case but is a procedure which restores the matter to the same state which existed before the Government initiated the prosecution." (citation omitted)). A "bare *nolle prosse* without more is not indicative of innocence." *Wilkins*, 528 F.3d at 803 (quoting *Washington*, 127 F.3d at 558). Similarly, as "a matter of law, a dismissal in the interests of justice cannot provide the favorable termination required as the basis for a claim of malicious prosecution." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118

(2d Cir. 1995) (internal brackets and citation omitted); *People v. Matthews*, 7 Cal. App. 4th 1052, 1056 (1992) ("[D]ismissal [of criminal indictment] in the interests of justice . . . does not necessarily imply factual innocence, but rather may reflect the result of a negotiated or pragmatic disposition of the case." (citation omitted)).

In Plaintiff's underlying criminal case, the Government's *nolle prosequi* was submitted as against all defendants "in the interests of justice."  The Government stated that it "had never occasioned a delay of the proceedings, and [had] prevailed at hearing on virtually all substantive motions."  (Doc. # 32-5 at 1-2.)  The Court granted the motion and dismissed the Indictment the next day.  (Doc. # 32-6.)  Officer Prince argues that this was a "bare" *nolle prosequi* and, therefore, not indicative of Plaintiff's innocence or of the inability of the Government to prove its case.  However, Plaintiff alleges that the *nolle prosequi* was the result of a judgment by the prosecutor that the case could not be proven beyond a reasonable doubt, and that this is indicated by the circumstances surrounding the dismissal of the indictment – specifically, that the Government filed its motion to dismiss before Judge Brimmer had ruled on the remainder of Plaintiff's motion.

The Court finds the Government's argument more persuasive.  Plaintiff has provided no evidence from which the Court can reasonably construe the Government's dismissal of the underlying criminal case as a termination in his favor.  His argument regarding the circumstances of the Government's decision to not proceed with the prosecution relies entirely on speculation.  The Court refuses to turn the Government's

13

discretionary decision to halt its prosecution of Plaintiff into the basis for its own civil liability without any evidence to support Plaintiff's speculative assertions.  Thus, the Court finds that Plaintiff has failed to satisfy the favorable termination element of his claim for malicious prosecution.[11]

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant Boggess's Motion to Dismiss (Doc. # 32) and Defendant Prince's Motion to Dismiss (Doc. # 36) are GRANTED.  Accordingly, Plaintiff's Amended Complaint (Doc. # 31) is DISMISSED.

IT IS FURTHER ORDERED that Defendants shall have their costs by the filing of a Bill of Costs with the Clerk of the Court within ten days of the entry of judgment. However, each party shall bear its own attorneys' fees.

DATED:  August __09__, 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

11    Because Plaintiff's Amended Complaint fails to satisfy the "favorable termination" element of his malicious prosecution claim, the Court need not address either the remaining "probable cause" element or Officer Prince's assertion that he is entitled to qualified immunity.

14